IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN OLSEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-03405-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REMANDING CASE TO ALJ**

Plaintiff John Olsen seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Administrative Law Judge ("ALJ") found Plaintiff suffered from morbid obesity and the effects from a past coccyx fracture, but retained the residual functional capacity ("RFC") to perform work as a parking lot cashier and ticket seller.

Because the Court cannot conclude that substantial record evidence supports the ALJ's RFC formulation, it REMANDS the case for further proceedings.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on March 9, 2011, alleging a disability onset date of November 1, 2009. The Commissioner denied his application, and Plaintiff subsequently requested a hearing with an ALJ. On August 14, 2012, the ALJ issued an unfavorable decision. Plaintiff appealed the denial to the Appeals Council of the Social Security Administration, and on September 5, 2013, it denied Plaintiff's request for review, leaving the

ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner

2

As his primary argument on appeal,[2] Plaintiff contends the ALJ committed a Step Four error by improperly formulating his RFC. Plaintiff confines his attack to the ALJ's assessment of his ability to stand and/or walk. According to Plaintiff, the ALJ erroneously found that he could stand and/or walk for four hours out of an eight-hour workday when the record evidence only supports a finding that he could stand and/or walk for two hours in a workday.

The ALJ formulated the standing and walking limitation based in part on Plaintiff's testimony that on a "good day" he might be able to stand and/or walk for four hours. R. at 18. The ALJ also found that Plaintiff's daily activities and a treatment note from Dr. Oran Ringen, M.D. ("Dr. Ringen") supported the assessed standing and/or walking limitation. R. at 19.

A claimant's RFC is the most he can still do despite his physical or mental limitations. *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). In formulating a claimant's RFC, the ALJ must consider *all* the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). Although an ALJ is not required to rely solely upon medical evidence in formulating a claimant's RFC, there must be some underlying his assessment. *See Hutshell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001).

Here, the Court cannot conclude that substantial evidence supports the ALJ's finding that Plaintiff could stand and/or walk for four hours in an eight-hour workday. As an initial matter, the Court finds that the ALJ's opinion arguably misconstrues Plaintiff's testimony. In his opinion, the ALJ states, "At the hearing, the claimant testified that he could stand/walk for up to four hours in an eight-hour workday…." R. at 18. This summary suggests that the Plaintiff

---

to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Plaintiff also challenges the ALJ's credibility determination. Because remand is warranted for other reasons, the Court declines to address this argument.

3

conceded to the four-hour standing and/or walking limitation. A review of the record reveals that Plaintiff's testimony is much more equivocal than the ALJ's opinion implies. When asked how long he could stand and/or walk during an eight-hour workday, Plaintiff responded that it depended upon his level of pain for that particular day. R. at 51. Plaintiff testified that on a "good day" he could "[p]robably walk three or four hours total in a day[,]" but on a "bad day" he could only walk and/or stand for "probably about two [hours]." R. at 51. Without more information on how often Plaintiff experiences "bad days" or "good days," the Court cannot conclude that this colloquy supports the standing and/or walking finding.

It is similarly unclear whether the record supports the remaining reasons cited by the ALJ. First, the ALJ cited numerous daily activities—including visiting his mother, fishing, hunting, visiting friends, and riding a motorcycle—as evidence of his ability to walk and/or stand for four hours in an eight-hour workday. Although an ALJ may consider daily activities as one factor in the credibility analysis, *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001), the daily activities highlighted here do not by themselves support the ALJ's finding because it is unclear how much, if at all, these activities require sustained standing or walking. Second, the ALJ also bolstered his finding by citing to a single treatment note from Dr. Ringen, observing that Plaintiff could move "all extremities without significant difficulty." R. at 276. While an ALJ is entitled, and even encouraged, to use objective medical evidence such as this in formulating the opinion, it is unclear how this note led the ALJ to conclude that Plaintiff could regularly stand and/or walk in a normal workday.

Notwithstanding the deficiencies in this evidence, the Commissioner argues that an opinion from examining physician Dr. Thomas Corsolini, M.D. ("Dr. Corsolini") supports the four-hour standing and/or walking limitation. The Commissioner contends that although the

4

ALJ misinterpreted Dr. Corsolini's opinion as stating Plaintiff could stand and/or walk no more than two hours in an eight-hour workday, when read properly, it actually suggests that Plaintiff could stand/or walk for four hours.

The Court agrees that the ALJ misinterpreted Dr. Corsolini's opinion as placing a maximum limitation on Plaintiff's ability to stand and/or walk. Dr. Corsolini actually stated, "I think that Mr. Olsen should be able to stand and/or walk *at least two hours* in a normal working day…." R. at 373 (emphasis added). This indicates Plaintiff's *minimum* ability to stand and/or walk. However, Dr. Corsolini's opinion on Plaintiff's minimum ability to stand and/or walk in a normal workday does not shed definitive light upon Plaintiff's *maximum* ability to do the same, which is the relevant question here. *Leckenby*, 487 F.3d at 631 n.5. Although it suggests Plaintiff can stand and/or walk for *more than two hours*, it falls short of proving that the Plaintiff can stand and/or walk *for four hours*. The Court cannot make this inferential leap without other evidence to bridge the gap, especially since some of Plaintiff's most recent medical records corroborate his complaints of significant, sustained back pain. R. at 385, 387, 389, 390-91.

## Conclusion

For the foregoing reasons, the Court REMANDS this case to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:  October 1, 2014   /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT